Citation Nr: 1504671 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 10-44 973 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to an initial compensable rating for residuals of a right inguinal hernia scar, including on an extraschedular basis.


REPRESENTATION

Appellant represented by: Carolyn J. Kerr, Agent


WITNESS AT HEARING ON APPEAL

The Veteran 




ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1963 to May 1967.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey, which denied service connection for PTSD.
In a rating decision dated February 2010, the RO granted service connection for residuals of a right inguinal hernia scar effective August 24, 2009. In a subsequent September 2010 statement of the case, the RO denied an initial compensable rating for the right inguinal hernia scar. 

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. In evaluating this case, the Board has also reviewed the "Virtual VA" system to ensure a complete assessment of the evidence.

In June 2012, the Veteran testified at a Board hearing held before the undersigned Veterans Law Judge in Newark, New Jersey. A copy of the transcript is in VBMS. 

In an April 2013 decision, the Board denied service connection for PTSD and granted a 10 percent disability rating for residuals of a right inguinal hernia scar. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In a July 2014 Memorandum Decision, the Court set aside the April 2013 Board decision and remanded the matters for further development and adjudication. 

The issue of service connection for chronic obstructive pulmonary disease (COPD) as due to asbestos and lead paint exposure has been raised by the record in a July 2014 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Service Connection for PTSD

The Veteran contends that while serving aboard the USS Great Sitkin AE 17, the ship encountered rough seas and ammunition that was stored on the main deck, including 1000 and 500 pound bombs, which were forced loose and were rolling around the main cabin. The Veteran stated that he was scared for his life while he was trying to stop the bombs from hitting the hold and bulwark of the ship. 

In January 2010, the Veteran underwent a VA PTSD examination. The VA examiner reviewed the claims file and noted the Veteran's history in detail. During the evaluation, the Veteran reported being involved in a motor vehicle accident where he was hit by a school bus and thought he was going to die. The Veteran also reported feeling down and depressed and stated that those symptoms began in response to losing his job. He also described the in-service incident regarding loose ammunition on the USS Great Sitkin and his efforts in trying to contain the bombs from destroying the ship. The Veteran stated that he thought about the in-service incident a couple times a week. After conducting a mental status examination, the VA examiner diagnosed the Veteran with Axis I PTSD. The VA examiner opined that the Veteran's PTSD was not related to service. In support of his opinion, the examiner reasoned that, although the Veteran identified a stressor that occurred during military service, that stressor did not cause any subsequent psychiatric symptoms. The VA examiner stated that, even though the Veteran thought about the incident a couple times a week, the Veteran denied any distress associated with the incident.

As noted in the Court's July 2014 memorandum decision, in submission to and testimony before the Board, the Veteran described the events aboard the USS Great Sitkin on the night he sustained his hernia-traumatization from the resulting fires, injuries to other sailors, and near explosions that resulted when ammunition broke loose-and asserted that he experienced psychiatric symptoms during his frequent memories of those events. He also testified that he was involved in a motor vehicle accident and that the accident brought back afterthoughts of the incident on the ship in service. See June 2012 Board hearing Transcript at pgs. 20-21.

In the July 2014 memorandum decision, the Court determined that the Board's failure to fully address lay evidence of psychiatric symptoms submitted after the January 2010 VA examination regarding the Veteran's frequent memories of events aboard the Great Sitkin rendered the Board's statement of reasons or bases inadequate. For these reasons, the Board finds that an addendum opinion is necessary in ordered to consider the Veteran's lay statements so as to properly adjudicate the Veteran's claim for PTSD.

Rating for Right Inguinal Hernia Scar 

In accordance with the Court's July 2014 Memorandum Decision, the Board finds that a remand is warranted in order to obtain a new VA examination for the Veteran's right inguinal hernia scar disability.

At a January 2010 VA examination, the Veteran reported having occasional nausea and pain in the right quadrant once or twice a week. The Veteran denied any impairment due to pain. Upon examination, the VA examiner noted no inguinal hernia and no recurrent hernia or bulge. A healed right inguinal hernia scar was noted as measuring 8 cm long and 1 mm wide, diagonally on the right groin. The scar was noted as superficial and not deep. There was no inflammation, edema, or keloid formation present. No limitation of motion or function was caused by the scar.

During the June 2012 Board hearing, the Veteran testified that he experienced occasional nausea and pain due to the right hernia scar. The Veteran stated that the scar becomes tender and irritable when he touches it or lies down. The Veteran also testified that he was recently told by VA doctors that staples remain located inside his groin. The Board notes that a review of VA treatment records confirms multiple surgical sutures in the right inguinal region.

As discussed by the Court in its July 2014 memorandum decision, the Veteran's June 2012 hearing testimony demonstrates a possible worsening of the Veteran's inguinal hernia scar symptoms. As such, a new VA examination is warranted. 

The July 2014 memorandum decision also noted that the Board failed to provide adequate reasons or bases to support its conclusion that extraschedular consideration was not warranted for the Veteran's inguinal scar disability. Specifically, the Court stated that Diagnostic Code 7804 did not account for the full symptomatology of the Veteran's disability. As such, the RO/AMC should adjudicate whether a referral is needed for an extraschedular evaluation for the Veteran's right inguinal scar disability. If the RO/AMC finds that a referral is necessary, this case must be referred to the Director of Compensation and Pension Service for consideration of an extraschedular rating under 38 C.F.R. § 3.321(b)(1).

Accordingly, the case is REMANDED for the following actions:

1. Obtain any updated private or VA treatment records regarding the inguinal hernia and PTSD and associate them with the record.

2. Request that the medical professional who conducted the January 2010 VA PTSD examination review the record and provide an addendum medical opinion. The VBMS and Virtual VA record, including a copy of this Remand, must be made available to, and be reviewed by, the examiner. The examiner should note such review in the examination report (another examination of the Veteran is not required).

If the January 2010 examiner is not available, obtain the requested opinion from another medical professional. If the examiner determines that an additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled. 

The examiner should offer an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's currently diagnosed PTSD was incurred in or is otherwise related to service. The examiner is asked to specifically consider the Veteran's lay statements regarding traumatization from the resulting fires, injuries to other sailors, and near explosions that resulted when ammunition broke loose on the USS Great Sitkin. The Veteran has also stated that he was involved in a motor vehicle accident which brought back afterthoughts of the incident on the ship in service.

A rationale should be given for all opinions and conclusions rendered.

3. Schedule the Veteran for an appropriate VA examination to determine the severity of his service-connected right inguinal hernia scar disability. The evidence of record must be made available to the examiner for review in conjunction with the examination. The examiner should perform all necessary diagnostic tests, and report all clinical manifestations in detail.

4. After undertaking any other development deemed appropriate, the RO should readjudicate the issues on appeal. 

The claim for an initial compensable rating for residuals of a right inguinal hernia scar should be readjudicated with consideration of whether the Veteran's claim should be referred to the Director of the Compensation and Pension Service for consideration of an extraschedular rating under 38 C.F.R. § 3.321(b)(1).

If the benefits sought on appeal are not granted, issue a supplemental statement of the case and provide the Veteran and his representative with an appropriate opportunity to respond. The case should then be returned to the Board for further appellate consideration as warranted.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).